| State of Alabama<br>Unified Judicial System<br>Form C-34     Rev 6/88 | SUMMONS<br>-CIVIL- | Case Number<br>CV-06-1497 |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___MONTGOMERY___ COUNTY

Plaintiff ___KATYRECE S. HALL___ V. Defendant ___LEONARD ROSS CRANE, ET AL___

NOTICE TO ___Maytag Sales, Inc., 2000 Interstate Park Dr., Ste 204, Montgomery, AL 36109___

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY ___Carol Gerard___ WHOSE ADDRESS IS ___Post Office Box 5059, Montgomery, AL 36103___.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN ___30___ DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

[X] You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.

[ ] Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date ___05/31/06___     _Melissa Pittman_ Clerk/Register     By: _____

[ ] Certified Mail is hereby requested.

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE

[ ] Return receipt of certified mail received in this office on _____ (Date)

[ ] I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on _____ (Date)

Date _____   Server's Signature _____

Address of Server _____   Type of Process Server _____

EXHIBIT A

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KATYRECE S. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: CV-06-1497 |
| | ) |
| LEONARD ROSS CRANE, | ) |
| MAYTAG SALES INC., | ) JURY TRIAL DEMANDED |
| and Fictitious Parties A, B, C, and D, | ) |
| whose real and proper identities are | ) |
| unknown at present, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Comes now Plaintiff, KATYRECE S. HALL, against the above-captioned defendants, and would show unto the Court as follows:

1. Venue is proper in Montgomery County, Alabama, because the acts or omissions herein complained of occurred in said county within the jurisdiction of this Honorable Court.

2. Plaintiff, KATYRECE S. HALL (hereinafter referred to as "Plaintiff"), is a citizen of the United States and the state of Alabama who is over the age of 19 years at the filing of this action and who is and at all times material hereto a resident of Montgomery County, Alabama.

3. Defendant LEONARD ROSS CRANE (hereinafter referred to as "Defendant Crane"), according to the best information and belief available to Plaintiff at this time, is a citizen of the United States and the state of Iowa, who is over the age of 19 years at the filing of this action and who is and at all times material hereto a resident of Cedar Rapids, Iowa.

4. Defendant MAYTAG SALES, INC., (hereinafter referred to as "Defendant Maytag"),

according to the best information and belief available to Plaintiff at this time, is a corporation registered with the Secretary of State for the State of Alabama, doing business in the State of Alabama.

5. Fictitious defendants are individuals, insurance companies, general partnerships, limited partnerships, corporations or other legal entities who:

   a. insured the plaintiff or maintain a contractual relationship with the plaintiff; and/or

   b. owe the plaintiff for claims made as a result of the accident and injury made subject of this claim; and/or

   c. make claim to subrogation rights in contract or equity.

## FACTS

6. On or about February 15, 2006, Plaintiff was within the boundaries of Montgomery County, driving a vehicle that was being operated lawfully.

7. On that date and in that place, Defendant Crane violated the laws of the State of Alabama, to wit: improper lane change.

8. The vehicle operated by Defendant Crane struck the vehicle occupied by Plaintiff.

9. Plaintiff was caused great bodily injury.

10. Defendant Crane was employed by and/or in the service of Defendant Maytag.

11. Defendant Crane was an agent and/or servant of Defendant Maytag.

12. Defendant Crane's acts occurred while acting within the line and scope of his employment with Defendant Maytag.

13. As a direct and proximate result of the accident, Plaintiff has suffered extensive injuries. Because of these injuries, she has suffered great physical pain and discomfort and



emotional distress and mental anguish, which suffering continues through this date and is reasonably certain to continue into the future.

## CAUSES OF ACTION

14. As to each cause of action, Plaintiff expressly adopts as if fully set forth therein each and all of the allegations set forth above.

## COUNT I – NEGLIGENCE

15. On or about February 15, 2006, Defendant Crane negligently caused his vehicle to collide with the motor vehicle occupied by Plaintiff.

16. As a direct and proximate result of the aforesaid negligence on the part of Defendant Crane, Plaintiff was grievously injured and has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future. Plaintiff has also suffered great emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, and loss of enjoyment of life and other hedonic damages.

17. Defendant Crane is liable to Plaintiff for compensatory damages.

## COUNT II – NEGLIGENCE PER SE

18. On or about February 15, 2006, Defendant Crane violated Alabama Code, § 32-5A-88, by making an improper lane change.

19. By violating Alabama Code, § 32-5A-88, Defendant Crane's conduct was the actual and proximate cause of Plaintiff's injury.



20. Plaintiff was grievously injured and has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future. Plaintiff has also suffered great emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, and loss of enjoyment of life and other hedonic damages.

21. Defendant Crane is liable to Plaintiff for compensatory damages.

### COUNT III – GROSS NEGLIGENCE

22. On or about February 15, 2006, Defendant Crane was grossly negligent when his vehicle collided with the motor vehicle occupied by Plaintiff.

23. As a direct and proximate result of the aforesaid gross negligence on the part of Defendant Crane, Plaintiff was grievously injured and has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future. Plaintiff has also suffered great emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, and loss of enjoyment of life and other hedonic damages.

24. Defendant Crane is liable to Plaintiff for compensatory and punitive damages.

### COUNT IV – RECKLESSNESS AND WANTONNESS

25. On or about February 15, 2006, Defendant Crane caused his vehicle to collide with the motor vehicle occupied by Plaintiff.

26. By colliding his vehicle into Plaintiff's vehicle in the manner set forth above, Defendant

Crane exhibited a reckless, conscious or deliberate disregard for the rights or safety of others.

27. Defendant Crane conducted himself in a recklessly improper manner.

28. Defendant Crane conducted himself in a wanton manner.

29. As a direct and proximate result of the aforesaid reckless and wanton conduct on the part of Defendant Crane, Plaintiff was grievously injured and has suffered great physical pain and suffering from then until now and is reasonably expected to continue to suffer such pain and suffering into the future. Plaintiff has also suffered great emotional distress and mental anguish, a loss of pay and income, a diminution in physical capability and ability to earn a living, economic damages, and loss of enjoyment of life and other hedonic damages.

30. Defendant Crane is liable to Plaintiff for compensatory and punitive damages.

## COUNT V – RESPONDEAT SUPERIOR

31. On or about February 15, 2006, when Defendant Crane's vehicle collided with Plaintiff's vehicle, Defendant Crane was employed by and/or in the service of Defendant Maytag.

32. Defendant Crane's negligent, grossly negligent, and/or reckless and wanton actions occurred within the line and scope of the employment relationship between Defendant Crane and Defendant Maytag.

33. Defendant Maytag is vicariously liable to Plaintiff for Defendant Crane's actions under the doctrine of respondeat superior.

34. Defendant Maytag is liable to Plaintiff for compensatory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, IN CONSIDERATION OF THE PREMISES, Plaintiff demands judgment against the defendants in the sum of Two Hundred Thousand Dollars ($200,000.00) for compensatory damages, punitive damages in an amount to be determined, plus costs, interest, reasonable attorney's fees, and any other and further relief this Court deems just and proper to compensate Plaintiff for her injuries and damages.

RESPECTFULLY SUBMITTED on this the 26TH day of May, 2006.

CAROL GERARD (GER016)
ANDY NELMS (NEL022)
Attorneys for Plaintiff

LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
334-263-7733

## PLAINTIFF DEMANDS TRIAL STRUCK BY JURY

Defendants may be served at the following addresses:

Leonard Ross Crane
819 8th Street NW
Cedar Rapids, IA 52405

Maytag Sales, Inc.
c/o The Corporation Company
2000 Interstate Park Drive Ste 204
Montgomery, AL 36109