IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATYRECE S. HALL, | ) |
| PLAINTIFF, | ) |
| v. | ) Case No.: 2:06CV588-ALA |
| LEONARD ROSS CRANE, MAYTAG SALES, INC., and factitious parties A - D, | ) ) ) |
| DEFENDANTS. | ) |

# ANSWER

**COMES NOW** Defendant Maytag Sales Company, (improperly named Maytag Sales, Inc. And hereinafter referred to as "Maytag"), and herewith gives Answer to Plaintiff's Compliant as follows:

1. Defendant admits this alleged incident occurred in Montgomery County, Alabama; otherwise, the allegations of paragraph one of the Complaint are denied.

2. Based on information and belief, the allegations in paragraph 2 of Plaintiff's Complaint are admitted.

3. Based on information and belief, the allegations in paragraph 3 of Plaintiff's Complaint are admitted.

4. This Defendant admits it is a foreign corporation incorporated in the State of Delaware with its principal place of business in the State of Michigan and is qualified to do business in the State of Alabama.

5. No answer is required but to the extent any liability is implied as to this Defendant the allegations of paragraph 5 of Plaintiff's Complaint are denied.

## FACTS

6. This Defendant denies the allegations of paragraph 6 in Plaintiff's Complaint.

7. This Defendant denies the allegations of paragraph 7 in Plaintiff's Complaint.

8. This Defendant denies the allegations of paragraph 8 in Plaintiff's Complaint.

9. This Defendant denies the allegations of paragraph 9 in Plaintiff's Complaint.

10. This Defendant admits the allegations of paragraph 10 of Plaintiff's Complaint based on information and belief.

11. This Defendant denies the allegations of paragraph 11 in Plaintiff's Complaint.

12. This Defendant denies the allegations of paragraph 12 in Plaintiff's Complaint.

13. This Defendant denies the allegations of paragraph 13 in Plaintiff's Complaint.

## CAUSES OF ACTION

14. As to each cause of action this Defendant expressly adopts as if fully set forth herein each and every responses set forth above.

## COUNT ONE
## NEGLIGENCE

15. This Defendant denies the allegations of paragraph 15 in Plaintiff's Complaint.

16. This Defendant denies the allegations of paragraph 16 in Plaintiff's Complaint.

17. This Defendant denies the allegations of paragraph 17 in Plaintiff's Complaint.

## COUNT TWO
## NEGLIGENCE PER SE

18. This Defendant denies the allegations of paragraph 18 in Plaintiff's Complaint.

19. This Defendant denies the allegations of paragraph 19 in Plaintiff's Complaint.

20. This Defendant denies the allegations of paragraph 20 in Plaintiff's Complaint.

21. This Defendant denies the allegations of paragraph 21 in Plaintiff's Complaint.

## COUNT THREE
## GROSS NEGLIGENCE

22. This Defendant denies the allegations of paragraph 22 in Plaintiff's Complaint.

23. This Defendant denies the allegations of paragraph 23 in Plaintiff's Complaint.

24. This Defendant denies the allegations of paragraph 24 in Plaintiff's Complaint.

## COUNT FOUR
## RECKLESSNESS AND WANTONNESS

25. This Defendant denies the allegations of paragraph 25 in Plaintiff's Complaint.

26. This Defendant denies the allegations of paragraph 26 in Plaintiff's Complaint.

27. This Defendant denies the allegations of paragraph 27 in Plaintiff's Complaint.

28. This Defendant denies the allegations of paragraph 28 in Plaintiff's Complaint.

29. This Defendant denies the allegations of paragraph 29 in Plaintiff's Complaint.

30. This Defendant denies the allegations of paragraph 30 in Plaintiff's Complaint.

## COUNT FIVE
## RESPONDENT SUPERIOR

31. This Defendant denies the allegations of paragraph 31 in Plaintiff's Complaint.

32. This Defendant denies the allegations of paragraph 32 in Plaintiff's Complaint.

33. This Defendant denies the allegations of paragraph 33 in Plaintiff's Complaint.

34. This Defendant denies the allegations of paragraph 34 in Plaintiff's Complaint.

Defendant avers Plaintiff is not entitled to any relief.

### AFFIRMATIVE DEFENSES

1. This Defendant denies each and every allegation which is not specifically admitted herein and demands strict proof.

2. This Defendant pleads the general issue.

3. This Defendant pleads contributory negligence.

4. This Defendant pleads assumption of the risk.

5. This Defendant pleads lack of proximate cause.

6. This Defendant pleads an intervening superceding cause or effect.

7. To the extent that the Plaintiff seeks punitive and/or compensatory damages for pain and suffering in this case, any award of such damages would violate this Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution because, among other things, of the vagueness and uncertainty of the criteria for the recover of compensatory damages for pain and suffering and for the imposition of punitive damages and the lack of fair notice of what conduct will result in the imposition of such damages; therefore, the Plaintiff cannot recover compensatory damages for pain and suffering or punitive damages.

8. The award of discretionary, compensatory damages for mental suffering on behalf of the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard, for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because:

    a. It fails to provide a reasonable limit on the amount of the award against the Defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States;
    b. It fails to provide a specific standards for the amount of the award of compensation, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United Sates Constitution;
    c. It results in the imposition of different compensation for the same similar acts and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and
    d. It constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

9. The award of discretionary compensatory damages for mental suffering to the Plaintiff herein violates the Due Process Clause of Article I, § 6 of the Constitution of the State of Alabama because it fails to provide a limit on the amount of the award against Defendant is unconstitutionally vague, it fails to provide specific standard in the amount of the award of damages and, it constitutes a deprivation of property without the due process of law.

10. The award of punitive damages claimed by Plaintiff violates Article I, Section 10[1] and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments to the Constitution of the United States and Article I, Section 6, and other provisions of the

Constitution of Alabama on the following separate and several grounds:

(a) That civil procedures pursuant to which punitive damages are awarded may result wrongfully in a punishment by a punitive damages award after the fact.

(b) That civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

(c) That civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

(d) That civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant.

(e) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

(f) That civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

(g) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of the standard of proof less than that applicable to the imposition of criminal sanctions.

(h) That civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

(I) That civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

(j) That civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to the punitive damages in the same proceeding

during which liability and compensatory damages are determined.

(k) That standards of conduct upon which punitive damages are awarded are vague.

(l) That civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

(m) That civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

(n) That civil procedures pursuant to which punitive damages are awarded permit the imposition of arbitrary, capricious or oppressive penalties.

(o) That civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury and the award of punitive damages.

11. This Defendant avers that the demand for punitive damages in the instant case is subject to those limitations established by the Alabama legislature and set forth at *Alabama Code* § 6-11-21 (Repl. Vol. 1993).

12. The Alabama Supreme Court's action in abolishing the legislatively-created cap on punitive damages was unconstitutional and without effect.

13. Under the constitutions of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the legislature on punitive damages through judicial decision. See *Honda Motor Company, Ltd. v. Oberg*, 114 S.Ct. 2331 (1994).

14. To the extent that Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be accessed for the same act or omission against this Defendant, this award contravenes the Defendant's right to Due Process under the

Fourteenth Amendment of the United States Constitution and the Due Process Clause of Article I, Section 13 of the Alabama Constitution. In addition, such an award would infringe upon the Defendant's right against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article I, Section 9 of the Alabama Constitution.

15.     With respect to the Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforce ability of punitive damage awards that may be articulated in the decision of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

16.     Defendant contends Plaintiff is not entitled to an award of punitive damages, and that an award of punitive damages against Defendant, on the facts of this case, would be contrary to the Constitution of the State of Alabama and the Constitution of the United States. Further, any award of punitive damages to the Plaintiff is limited to the standards set out in *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

17.     The Alabama system and structure for punitive damage awards, together with the claim for punitive damages sought by Plaintiff in this lawsuit, constitutes a violation of the Due Process Clause of the Constitution of the United States, under authority of *BMW North American, Inc. v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). The allegations made by Plaintiff in this action, and the Plaintiff's claims for punitive damages generally, and under the Alabama system specifically, constitute inadequate notice to defendant as to deprive defendant of due process of law.

18.     This Defendant avers that any award of punitive damages in this case would violate the Due Process Clause, equal protection clause, and other provisions of the United State Constitution including, but not limited to, as follows:

    a.    <u>Due Process Clause - Fourteenth Amendment to the Constitution of the United States:</u> Punitive damages are vague and not rationally related to legitimate governmental interests.

    b.    <u>Sixth Amendment to the Constitution of the United States</u>: Punitive damages are penal and nature and, consequently, the defendant is entitled to the dame procedural safeguards accorded to criminal Defendants.

    c.    <u>Self-incrimination Clause - Fifth Amendment to the Constitution of the United States</u>: It violates the right against self-incrimination to impose punitive damages against the defendant that are penal and nature, yet compel the defendant to disclose potentially incriminating documents and evidence.

    d.    <u>Excessive Fines Clause - Eighth Amendment to the Constitution of the United States</u>: In the event that any portion of a punitive damages award against the defendant were to inure to the benefit of any state of governmental or private entity other than the Plaintiff, such an award would violate the excessive fines clause of the Eighth Amendment to the Constitution.

19.     This Defendant pleads as a defense to Plaintiff's punitive damage claim the protection of §6-11-27, *Code of Alabama*, 1975.

20.     This Defendant pleads the statutory cap applicable to all claims for and/or recovery of punitive damages.

21.     Defendant pleads all other available and/or affirmative defenses in bar or abatement of the claims asserted against it in the Complaint.

22.     Defendant reserves the right to supplement and/or amend its Answer or add additional defenses as may be appropriate.

*[signature]*

RANDALL MORGAN [8350-R-70-R]
ELIZABETH BRANNEN CARTER [3272-C-38E]
ATTORNEYS FOR DEFENDANT
MAYTAG SALES COMPANY

OF COUNSEL:

HILL, HILL, CARTER,
FRANCO, COLE & BLACK, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
Telephone:      (334) 834-7600
Facsimile:      (334) 263-5969
E-mail: rmorgan@hillhillcarter.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by placing a copy of same in the United States Mail, first-class postage prepaid, on this the 30th day of June, 2006:

Attorneys for Plaintiff:
Carol Gerard, Esq.
Andy Nelms, Esq.
Law Offices of Jay Lewis, LLC
P O BOX 5059
Montgomery, AL 36103

*[signature]*

OF COUNSEL