IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KATYRECE S. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.:2:06-cv-00588-MEF-WC |
| | ) |
| LEONARD ROSS CRANE, et al, | ) |
| | ) |
| Defendants. | ) |

### RESPONSE TO ORDER TO SHOW CAUSE

Comes now Plaintiff, by and through counsel, and would respond to the Court's order (Doc. 11), to show cause why the Court should not sanction them pursuant to Federal Rules of Civil Procedure 16(f), for failure to comply with the Uniform Scheduling Order in this case and would show unto the Court as follows:

The Federal Rules of Civil Procedure 16(f), states, in part, that sanctions can be imposed if "a party or party's attorney fails to obey a scheduling...order." These "sanctions were designed to punish lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious management of trial preparation." *U.S. v. Samaniego,* 345 F. 3d 1280, 1284 (11th Cir 2003) (quoting *Goforth v. Owens,* 766 f. 2d 1533, 1535 (11th Cir.1985)). District courts are given discretion "to decide if there is a pattern of delay or a deliberate refusal to comply with court orders or directions that justifies a sanction." *Id.*

In the present case, the undersigned counsel was under the mistaken impression that she had not yet received the Uniform Scheduling Order through ECF, as it was not in the client's file. While speaking with counsel for the defendants, Randall Morgan, Mr. Morgan referenced the

1

pretrial date and it became obvious to counsel that a Uniform Scheduling Order had been issued and perhaps there was an error in the undersigned receiving documents through ECF.  Plaintiff's counsel then reviewed her email and had, in fact, received the scheduling order when it was originally issued.  While there is no excuse for counsel's neglect, counsel would like to explain to this Court that this was her first case to be worked from start to finish on her own.  Mistakes were made and counsel readily admits that.  Counsel now realizes that rather than wondering why a Uniform Scheduling Order had "not" been issued, she should have pulled up the docket sheet in this case on the Middle District's website.  There she would have discovered her mistake, and, in all likelihood, discovered it much earlier.

Whether the foregoing constitutes cause as to why the undersigned counsel should not be sanctioned is for the Court to decide.  Plaintiff's counsel simply admits she was at fault, not her client, and apologizes to this Court.  Should the Court order sanctions, the undersigned counsel would respectfully request that sanctions only be directed against her and not her client, who was without fault in this matter.

RESPECTFULLY SUBMITTED on this the ____13th____ day of March, 2007.

/s/ CAROL GERARD
Carol Gerard
Keith Anderson Nelms
Law Offices of Jay Lewis, LLC
P.O. Box 5059
Montgomery, AL 36103
(334) 263-7733 (Voice)
(334) 832-4390 (Fax)
carolgerard@JayLewisLaw.com
ASB-1075-L66G

## CERTIFICATE OF SERVICE

      I hereby certify that I have served the foregoing on the following parties or counsel by CM/ECF, by hand delivery or by placing a copy of the same in the United States mail, first class postage prepaid and properly addressed on this 13th day of March, 2007.

Randall Morgan
HILL, HILL, CARTER
Post Office Box 116
Montgomery, AL 36101-0116

                                      /s/ CAROL GERARD
                                      Carol Gerard
                                      Keith Anderson Nelms
                                      Law Offices of Jay Lewis, LLC
                                      P.O. Box 5059
                                      Montgomery, AL 36103
                                      (334) 263-7733 (Voice)
                                      (334) 832-4390 (Fax)
                                      carolgerard@JayLewisLaw.com
                                      ASB-1075-L66G